HENRY WHITENACK

*v.*

MARTHA WHITENACK.

1. In a suit for divorce, for adultery, a decree should not be granted on the uncorroborated evidence of a witness standing to the parties in the relation of an accomplice.

2. Where the conduct of a defendant in a suit for divorce admits of two interpretations, equally consistent with probability, one involving guilt and the other consistent with innocence, the court should always adopt that which favors innocence.

On final hearing on bill and answer, and proofs taken in open court.

*Mr. W. Anderson* and *Mr. Alvah A. Clark,* for complainant.

*Mr. John L. Connet* and *Mr. John D. Bartine,* for defendant.

Van Fleet, V. C.

This is a suit for divorce *a vinculo*. The husband is the suitor; he charges his wife with adultery, and asks that their marriage be dissolved for that cause. The case presents simply a question of fact.

The evidence offered in support of the charge is both direct and circumstantial. There can be no doubt that if the direct proof is believed, the guilt of the defendant is established. It places the defendant and her paramour together in her bed-room, and keeps them there, alone, for from one to two hours. This was a frequent occurrence, taking place as often as twice a week, sometimes in the day-time, but most frequently at night. On one occasion they were seen together on the bed. This, however, occurred subsequent to the time when the adulterous acts charged in the bill were committed, and can, therefore, have no effect as evidence, except as it may serve to show what were the probable relations of the parties prior to that time. The direct evidence comes entirely from the mouth of a single witness, and if it were all the proof there was in the case, except the testimony of the defendant and her paramour, I think the defendant would be entitled to a dismissal of the bill. This witness admits that he served the paramour as pimp or procurer. He confesses that he was the pliant instrument of the paramour during the whole period of his adulterous intercourse with the defendant. He acted as their medium of communication, carrying messages, both written and oral, from one to the other; he frequently stood guard over them while they were satiating their criminal passions, and he watched the husband, as spy for the paramour, to enable him to arrange his assignations with the defendant, so as to prevent detection. If his evidence was true, he is the accomplice of the parties, and, in my judgment, stands on a much lower moral plane than they do; they violated decency and duty to gratify their sensual passions; he, simply for the pleasure he derived from pandering to licentious desires of others. The security of the citizen, as well as the safe administration of justice, alike demand that the testimony of such a witness should be discredited, unless its

truthfulness, in the main, is made certain and clear by other evidence. There is such confirmatory evidence in this case.

The circumstantial evidence, when considered in connection with the direct evidence and the evidence of the defendant and her paramour, leaves no doubt whatever of the truth of the complainant's charge against his wife. The complainant, at the times when it is alleged the acts of adultery were committed, was employed as a fireman on the Central Railroad of New Jersey, and was necessarily absent daily from his home from about three o'clock in the afternoon until about two o'clock in the morning. It is proved beyond all reasonable doubt that almost daily, during the time when her husband was absent, the defendant's paramour visited her, and remained with her sometimes as late as nine o'clock at night. It is also clearly proved that these visits were continued after the complainant had notified the defendant that they were the subject of unfavorable public comment, and that he wished them stopped, and after the defendant had promised him that they should be stopped. It is also proved in such manner that the truth of the evidence can neither be disbelieved nor doubted, that the defendant and her paramour were together at night in secluded and unfrequented places, where they would not be likely to have gone for any honest or innocent purpose. The defendant and her paramour both positively deny that there was any intercourse between them, except the most casual, after the complainant told the defendant he wanted her paramour to cease his visits. But the weight of the evidence is so overwhelmingly against them on this point as to leave no doubt whatever on my mind that what they say in that regard is not true. Their denials are contradicted by so many witnesses of character and credit, and by a mass of evidence so positive and persuasive, that nothing short of an arbitrary and unreasoning rejection of what appears to be truth, can relieve the mind from the conviction that their denials are untruthful. This conclusion renders the duty of the court plain. Perhaps the mere fact that these persons were together in lonely places, or that they were frequently together at night at the home of the defendant, when her husband was absent, would not

of itself, standing alone, furnish evidence sufficient to justify the court in declaring that they had committed adultery, but when you add the further fact that they deny that they were together at all, and that their denial is shown to be false, all doubt respecting the purpose of their meetings is removed. Falsehood is the shield of guilt.

This is not a case where the conduct of the defendant shows that she has merely been indiscreet or imprudent, but that a reasonable and just mind, fairly weighing and considering all the facts, may still believe her to be innocent. It is undoubtedly true that where the conduct of a defendant in a divorce case admits of two interpretations, equally consistent with probability, one involving guilt and the other consistent with innocence, the court should always adopt that which favors innocence. But here the direct and circumstantial evidence, when combined, preclude the possibility of innocence.

My judgment is, adultery is proved. The complainant is entitled to a decree.